UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00114-MR

| AUSTIN REID PITTMAN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
| FNU SIGMON, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. [Doc. 1]. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 6].

**I.  BACKGROUND**

Pro se Plaintiff Austin Reid Pittman ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Granville Correctional Institution in Butner, North Carolina. On August 19, 2022, he filed this action pursuant to 42 U.S.C. § 1983 against Defendant FNU Sigmon, identified as a Unit Manager at Alexander Correctional Institution ("Alexander"). Plaintiff alleges that, on April 10th at approximately 8:00 a.m., he was placed in full restraints, including handcuffs behind his back, a waist chain, and leg cuffs, after requesting a bottle of pills to commit suicide. [Doc. 1 at 2]. Plaintiff was on

suicide watch and wearing a "suicide smock" at the time. He was placed in a wheelchair and wheeled to inmate receiving by Defendant Sigmon and two other officers. When Plaintiff and the officers reached the inmate dining hall, which was empty, someone pushed down on the back of Plaintiff's neck, presumably to get Plaintiff to stop talking. [Id. at 2-3]. The pressure on Plaintiff's neck was painful, so he stood up "in hopes [of getting] the attention of the [officer in charge]" to diffuse the situation. Even though Plaintiff faced the wall and made no movement toward any staff, Defendant Sigmon ordered that Plaintiff be taken to the ground. [Id. at 3]. Officers Smith and Wagner brought Plaintiff to the floor, with the right side of Plaintiff's face against the ground. Defendant Sigmon then walked over to where Plaintiff was laying, "kneel[ed] down by [Plaintiff's] face, dr[ew] his knee back and smashed it into [Plaintiff's] mouth and nose." Plaintiff's mouth and nose "began to pour blood." [Id. at 4].

For injuries, Plaintiff claims physical injury to his nose and upper lip and "P.T.S.D. in the form of extreme anxiety." [Id. at 6]. For relief, Plaintiff seeks compensatory and punitive damages. [Id. at 7].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails

to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, Plaintiff states an Eighth Amendment claim against Defendant Sigmon in his individual

capacity. To the extent Plaintiff sought to name Defendant Sigmon in his official capacity, Plaintiff has failed to state a claim for relief.[1]

## IV. CONCLUSION

In sum, Plaintiff's excessive force claim against Defendant Sigmon survives initial review.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Eighth Amendment excessive force claim against Defendant Sigmon in his individual capacity passes initial review.

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Sigmon, who is alleged to be a current or former employee of the North Carolina Department of Public Safety.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

---

[1] "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).

**IT IS SO ORDERED.**

Signed: September 26, 2022

Martin Reidinger
Chief United States District Judge