UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00114-MR

| AUSTIN REID PITTMAN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
| FNU SIGMON, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Discovery. [Doc. 37].

Pro se Plaintiff Austin Reid Pittman ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Central Prison in Raleigh, North Carolina. On August 19, 2022, he filed this action pursuant to 42 U.S.C. § 1983 against Defendant FNU Sigmon, identified as a Unit Manager at Alexander Correctional Institution, claiming Defendant Sigmon violated his Eighth Amendment rights through the use of excessive force. [Doc. 1]. Plaintiff's Complaint survived initial review. [Doc. 7]. On June 8, 2023, Plaintiff moved to compel Defendant to respond to Plaintiff's First Set of Interrogatories. [Doc. 34]. Defendant responded that he did not receive the subject discovery request until it was attached to Plaintiff's motion to compel,

that he "immediately undertook" to prepare a response, and that he would timely serve such response on Plaintiff. [Doc. 35]. On June 28, 2023, the Court, therefore, denied Plaintiff's motion to compel without prejudice. [Doc. 36]. The same day, the Court received a second motion to compel by Plaintiff. [Doc. 37]. In this motion, Plaintiff complains that "for whatever reason" he "never received a ruling on [the first motion to compel]" and "thus is filing again." [Id. at 1]. In his second motion to compel, Plaintiff also claims that he never received responses to additional discovery he served on Defendant on May 18, 2023. Plaintiff states that these requests included "a second set of request for production of documents, requests for admission and interrogatories." [Id. at 3]. Plaintiff, however, fails to include copies of these discovery requests with his motion. [See Doc. 37]. Plaintiff certifies that he has "attempted to confer with Defendant in a good faith effort to obtain the discovery sought herein" and claims that "Defendant refuses to even communicate with Plaintiff concerning the issues contained herein." [Id. at 3].

Defendant Sigmon timely responded to Plaintiff's second motion to compel. [Doc. 39]. In response, Defendant Sigmon states that the second motion to compel is "[i]n all material respects…the same" as Plaintiff's first motion to compel. [Id. at 1]. Defendant Sigmon further states that he had

2

Case 5:22-cv-00114-MR    Document 40    Filed 07/11/23    Page 2 of 4

his "Responses to Plaintiff's Interrogatories [34-1]" hand delivered to Plaintiff on June 27, 2023. [Id.]. Defendant Sigmon attached an executed "Receipt and Acknowledgment" to his response to Plaintiff's second motion to compel in which Plaintiff acknowledges that received Defendant's responses to "Plaintiff's Second Set of Interrogatories" by hand delivery on June 27, 2023. [Doc. 39-1]. Defendant Sigmon failed to address whether he has responded to the other discovery requests Plaintiff claims are outstanding. [See Doc. 39].

The Court cannot rule on Plaintiff's second motion to compel with the information before it. It appears to the Court that Defendant has responded only to Plaintiff's Second Set of Interrogatories, but not to Plaintiff's First Set of Interrogatories, Second Request for Admissions, or Second Request for Production of Documents. For the sake of economy and to mitigate the need for any further motions to compel in this case, the Court will require Defendant to report to the Court within seven (7) days of this Order regarding the status of Defendant's responses to all of Plaintiff's discovery requests in this matter. Defendant must also report the parties' efforts to confer in good faith to resolve any outstanding discovery disputes.

The Court is growing increasingly frustrated with the failure of the parties in this case and Plaintiff's related cases to resolve their discovery

issues without enlisting the Court's assistance, especially given the incomplete and imprecise nature of the information provided to the Court.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that within seven (7) days of this Order counsel for Defendant Sigmon shall report to the Court regarding the status of all Plaintiff's discovery requests in this matter in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Martin Reidinger
Chief United States District Judge

4

Case 5:22-cv-00114-MR   Document 40   Filed 07/11/23   Page 4 of 4